UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER,<br><br>Plaintiff,<br><br>v.<br><br>KATIE WESTPHAL and VINCENT McCORMICK,<br><br>Defendants. | CAUSE NO. 3:24-CV-491-GSL-JEM |

OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler alleges that on December 24, 2023, his mattress was stolen. The correctional officer working told him nothing could be done until after the Christmas holiday. On December 27, 2023, Chandler told Lieutenant Vincent McCormick[1] about

---

[1] In the complaint, Chandler identified this defendant as Victer McCormick. ECF 1. But in a letter to the court, Chandler stated that he was mistaken earlier and the defendant's correct name is Vincent McCormick. ECF 4. The court will, therefore, direct the clerk to edit the defendant's name accordingly.

the theft and filed a theft report. McCormick told him to talk to Correctional Officer Katie Westphal to get a new mattress. Westphal came that day to the cellhouse, and she did not believe him that his mattress was stolen. She told him, "No one robbed you, stop selling your stuff to get high." ECF 1 at 2. She told him that he would have to wait for Major Warlow to come back from the New Year's holiday to get a new mattress and in the meantime to deal with it. On January 2, 2024, Westphal brought Chandler a mattress. She said that she reviewed the camera and saw what happened.

Chandler filed this lawsuit against Lieutenant McCormick and Officer Westphal because he slept on steel, without a mattress, for nine days. He has multiple sclerosis, which causes constant pain. He says having to sleep on steel for nine days was some of the worst pain he has been in. He contends that Lieutenant McCormick could have gotten him a mattress on December 27 but did not, and he faults Correctional Officer Westphal for falsely asserting he sold his mattress as a reason for not providing him a new one right away.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to

2

adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). The length of the deprivation is an important factor in determining whether conditions meet the objective prong of the analysis. *See, e.g., Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (noting that "[a]n adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation *even if it would not be impermissible if it were only a short-term problem*") (emphasis added).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

In a typical case, not having a mattress for nine days, but otherwise having access to linens and the other property, does not state an Eighth Amendment claim. *Compare Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) ("Objectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency."), *with Gillis v. Litscher*, 468 F.3d 488, 490 (7th Cir. 2006) (concluding triable issue of fact existed on Eight Amendment claim where inmate spent five days with no property, no privileges, no

clothes, and no mattress or other bedding, forcing him to sleep naked on concrete, followed by seven days with a sleeveless smock for clothing but still no bedding or mattress). *See also Jenkins v. Miller*, No. 17-CV-25-BBC, 2018 WL 6788527, at *8-9 (W.D. Wis. Dec. 26, 2018) (collecting cases and granting summary judgment to defendants on claim that inmate was forced to sleep on a steel bed without a mattress for 23 days).

The issue here is whether Chandler having multiple sclerosis changes that analysis. The court concludes that it does not. In *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012), the Seventh Circuit held that the lack of grab bars in the showers and toilet for an inmate who suffered from several physical ailments and required a cane to walk did not state an Eighth Amendment claim. The lack of grab bars made showering and using the toilet more difficult, and the inmate experienced severe hip pain when doing so. *Id.* But because "because Jaros concedes that he experiences the same 'severe pain' whether walking, sitting, standing, or lying in bed," the absence of grab bars did not constitute the "wanton infliction of pain" under the Eighth Amendment. *Id.* Similarly, in *Strominger v. Brock*, 592 F. App'x 508, 510-11 (7th Cir. 2014), the Seventh Circuit concluded that Strominger, a prisoner who used a wheelchair because of nerve damage to his legs and who was capable of standing briefly and walking very short distances with a walker, was not "deprived of life's necessities" when he was transferred temporarily to a cell that was less accessible to him in a wheelchair. Rather, "his mobility and access to the toilet were made a little more difficult on a very temporary basis." *Id.* at 511. Thus, Seventh Circuit law does not support a conclusion that Chandler's multiple sclerosis takes his situation out of the

4

general rule that a short-term deprivation of a mattress, alone, does not implicate the Eighth Amendment.

This complaint does not state a claim for which relief can be granted. If Chandler believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DIRECTS the clerk to change the name of defendant Victer McCormick to Vincent McCormick in light of Chandler's letter (ECF 4);

(2) GRANTS Kyle Chandler until **October 31, 2024**, to file an amended complaint; and

(3) CAUTIONS Kyle Chandler if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 26, 2024

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT

5